T.C. Memo. 2003-88

UNITED STATES TAX COURT

RICHARD H. FRANK AND TAMMY J. FRANK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3659-01L.          Filed March 26, 2003.

Richard H. Frank and Tammy J. Frank, pro sese.

<u>Wendy S. Harris</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).  We
shall grant respondent's motion.

Background

The record establishes and/or the parties do not dispute the

following.

Petitioners resided in Las Vegas, Nevada, at the time they filed the petition in this case.

On or before April 1, 1998, petitioners filed jointly a Federal income tax (tax) return for their taxable year 1997 (1997 joint return). In their 1997 joint return, petitioners reported total income of $0, total tax of $0, and claimed a refund of $5,839.56 of tax withheld. Petitioners attached to their 1997 joint return Form W-2, Wage and Tax Statement, reporting wages, tips, and other compensation of $78,556.14 and two Forms 1099-MISC, Miscellaneous Income, reporting other income totaling $7,600. Petitioners also attached a document to their 1997 joint return (petitioners' attachment to their 1997 joint return) that contained statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.[1]

On October 7, 1999, respondent applied a payment of $35.96 to petitioners' account with respect to their taxable year 1997.

On November 17, 1999, respondent issued to petitioners a notice of deficiency (notice) with respect to their taxable year 1997, which they received. In that notice, respondent determined a deficiency in, and an accuracy-related penalty under section

_____

[1]Petitioners' attachment to their 1997 joint return is very similar to the documents that certain other taxpayers with cases in the Court attached to their tax returns. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

6662(a)[2] on, petitioners' tax for that year in the respective amounts of $15,447 and $1,921.49.

Petitioners did not file a petition in the Court with respect to the notice relating to their taxable year 1997. Instead, on February 12, 2000, in response to the notice, petitioners sent a letter (petitioners' February 12, 2000 letter) to the Internal Revenue Service that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[3]

On May 8, 2000, respondent assessed petitioners' tax, as well as a penalty and interest as provided by law, for their taxable year 1997. (We shall refer to any such unpaid assessed amounts, as well as interest as provided by law accrued after May 8, 2000, as petitioners' unpaid liability for 1997.)

Respondent issued to petitioners the notice and demand for payment required by section 6303(a) with respect to petitioners' unpaid liability for 1997.

On August 17, 2000, respondent issued to petitioners a final notice of intent to levy and notice of your right to a hearing

---

[2]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Petitioners' February 12, 2000 letter is very similar to the letters that certain other taxpayers with cases in the Court sent to the Internal Revenue Service in response to the notices issued to them. See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

(notice of intent to levy) with respect to their taxable year 1997.  On or about September 13, 2000, in response to the notice of intent to levy, petitioners filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). Petitioners attached a document to their Form 12153 (petitioners' attachment to Form 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[4]

On December 7, 2000, respondent's Appeals officer (Appeals officer) sent a letter to petitioner Richard H. Frank (Mr. Frank) and a separate letter to petitioner Tammy J. Frank (Ms. Frank). (We shall refer collectively to those two letters as the Appeals officer's December 7, 2000 letters).  Those letters stated in pertinent part:

> I have received your request for a Due Process Hearing.  You disagree with Collection's proposed intent to levy; you state in your Form 12153,... "I am challenging the appropriateness of (the) collection action as specified in 6330(c)(2)(A)(ii) since the IRS denied all my requests for the initial examinations and interviews as provided for in Publications 1 & 5. [sic] I have enclosed a copy of your transcript, which supports the validity of the assessment.

---

[4]Petitioners' attachment to Form 12153 contained statements, contentions, arguments, and requests that are similar to the statements, contentions, arguments, and requests contained in the attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court.  See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

A statutory notice of deficiency was issued to your last known address on November 17, 1999 for 1997 but you failed to act upon this statutory notice.  You failed to petition the United States Tax Court for redetermination.  Thus, under IRC §6330(c)(2)(B), you are precluded from challenging the underlying liability for 1997 because you had a previous opportunity to dispute such liability.

\* \* \* I have scheduled a telephonic conference for Wednesday, December 20, 2000 at 1:00 p.m. MST. \* \* \*

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

If you have any questions, you may contact me at the telephone number shown above any time before your scheduled hearing.

Petitioners did not respond to the Appeals officer's December 7, 2000 letters.  Nor did petitioners advise the Appeals officer that they objected to the telephonic hearing scheduled on December 20, 2000, and wanted a face-to-face hearing.

On December 20, 2000, the Appeals officer held a telephonic Appeals Office hearing with Mr. Frank with respect to the notice of intent to levy.[5]  Prior to the Appeals Office hearing, the Appeals officer gave petitioners a literal transcript of account (so-called MFTRAX) with respect to their taxable year 1997.

On February 13, 2001, the Appeals Office issued a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination) to Mr. Frank and a separate

---

[5]Ms. Frank did not participate in the telephonic Appeals Office hearing held on Dec. 20, 2000.

notice of determination to Ms. Frank.  (We shall refer collectively to those two notices as petitioners' notices of determination).  An attachment to each such notice of determination stated:

> **!**　The Secretary has provided sufficient verification that the requirements of any applicable law or administrative procedure have been met.

> **!**　Your request for a hearing with Appeals was made under IRC §6330 to prevent appropriate collection action.  You filed your 1997 tax return, reported zero income and claimed a $5,839.56 refund.  You were issued a Statutory Notice of Deficiency for 1997 on November 17, 1999 and given the opportunity to dispute the liability with the United States Tax Court; you failed to do so.  A telephone [sic] hearing was held with you on December 20, 2000 to discuss alternative collection proposals for 1997.  You failed to discuss or make any alternative collection proposals for 1997.

> **!**　Without further cooperation, it is Appeals decision that the proposed collection action balances the need for efficient collection of taxes with the taxpayer's [sic] legitimate concern that any collection action be no more intrusive than necessary.

### Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Where, as is the case here, the validity of the underlying

tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

As was true of petitioners' attachment to their 1997 joint return, petitioners' February 12, 2000 letter, and petitioners' attachment to Form 12153, petitioners' response to respondent's motion (petitioners' response) contains statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[6]

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in petitioners' notices of determination with respect to petitioners' taxable year 1997.

Although respondent does not ask the Court to impose a penalty on petitioners under section 6673(a)(1), the Court will sua sponte determine whether to impose such a penalty. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000

---

[6]The statements, contentions, arguments, and requests set forth in petitioners' response are similar to the statements, contentions, arguments, and requests set forth in responses by certain other taxpayers with cases in the Court to motions for summary judgment and to impose a penalty under sec. 6673 filed by the Commissioner of Internal Revenue in such other cases. See, e.g., Smith v. Commissioner, T.C. Memo. 2003-45.

whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the instant case, petitioners advance, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioners pursuant to section 6673(a)(1) in the amount of $3,500.

We have considered all of petitioners' contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.[7]

---

[7]We shall address petitioners' allegation in the petition that they "did not receive the Collection Due Process Hearing Required by Internal Revenue Code Section 6330". That is because, according to petitioners, "The telephone [sic] hearing did not meet the requirements of the law" as they were entitled to a "face to face hearing as required by law". The record establishes that the Appeals officer scheduled an Appeals Office telephonic hearing for Dec. 20, 2000. The record also estab-

(continued...)

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and decision will be entered for respondent</u>.

---

[7](...continued)
lishes that petitioners never advised the Appeals officer that
they objected to the telephonic hearing scheduled for that date
and requested a face-to-face hearing.  In fact, neither Mr. Frank
nor Ms. Frank responded to the Appeals officer's December 7, 2000
letters scheduling a telephonic hearing.  Although the record
does not disclose why Ms. Frank did not participate in the
telephonic hearing scheduled by the Appeals officer, Mr. Frank
participated in that hearing.  On the record before us, we reject
any contention of petitioners that sec. 6330 entitled them to a
face-to-face hearing in the instant case.