T.C. Memo. 2004-224

UNITED STATES TAX COURT

LARRY R. JOHNSTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5380-04L.            Filed October 5, 2004.

        P filed a petition for judicial review pursuant to
secs. 6320 and 6330, I.R.C., in response to a
determination by R to leave in place a filed notice of
Federal tax lien.

        <u>Held</u>:  Because P has advanced solely groundless
complaints in dispute of the notice of lien, R's
determination to proceed with collection action is
sustained.

        <u>Held</u>, <u>further</u>, damages under sec. 6673, I.R.C.,
are due from P and are awarded to the United States in
the amount of $3,000.


Larry R. Johnston, pro se.

<u>Jonae A. Harrison</u>, for respondent.

MEMORANDUM OPINION

WHERRY, Judge:  This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121 and to impose a penalty under section 6673.[1]  The instant proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The issues for decision are: (1) Whether respondent may proceed with collection action as so determined, and (2) whether the Court should impose a penalty under section 6673.

## Background

Petitioner did not file a Federal income tax return for the taxable years 1993, 1994, 1995, 1996, or 1997.  Respondent prepared substitutes for return and on September 14, 2000, issued to petitioner notices of deficiency with respect to each of the years 1993 through 1997.  The notices were addressed to petitioner at 1523 East Harmony, Mesa, Arizona 85204, petitioner's last known address and the current address reflected on his Tax Court petition.

Petitioner responded to the notices with a letter dated December 12, 2000, referencing, inter alia, attempts by the

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Internal Revenue Service (IRS) "to circumvent taxpayers' rights by prompting them to petition the U.S. Tax Court".[2]  Petitioner at no time petitioned this Court for redetermination of the amounts reflected in the notices.  Respondent assessed the tax, additions to tax, and interest amounts due for each year on February 12, 2001.  These assessments for the 5 years in issue totaled $1,472,914.84.  Respondent also sent notices of balance due with respect to each year on February 12 and March 19, 2001.

On January 11, 2002, respondent issued to petitioner a Final Notice - Final Notice of Intent To Levy and Notice of Your Right To a Hearing with respect to his unpaid income tax liabilities for 1993 through 1997.  Respondent then on February 5, 2002, issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.  A Form 12153, Request for a Collection Due Process Hearing, signed by petitioner on March 10, 2002, was apparently received by the IRS on March 12, 2002.  Petitioner checked boxes on the Form 12153 indicating disagreement with both a "Filed Notice of Federal Tax Lien" and a "Notice of Levy/Seizure".  He also apparently attached a

---

[2] Neither the letter sent by petitioner in response to the notices of deficiency nor the attachment to his Form 12153, Request for a Collection Due Process Hearing, has been made a part of the record in this case.  Information regarding the existence and contents of these documents is derived from excerpts quoted in the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  Petitioner has not alleged that the notice of determination is in any way inaccurate in its recitation of such background information.

statement setting forth frivolous arguments; e.g., "There is no statute requiring me 'to pay' the income taxes at issue."[3]

Settlement Officer Thomas L. Tracy (Mr. Tracy), of the IRS Office of Appeals in Phoenix, Arizona, sent petitioner a letter dated November 19, 2002, scheduling a hearing for December 10, 2002.  The letter briefly outlined the hearing process, advised that audio or stenographic recording of hearings was not allowed, and explained the circumstances in which challenges to the underlying liability would be barred by section 6330(c)(2)(B). The letter also warned petitioner with respect to frivolous arguments and sanctions therefor, citing pertinent cases and administrative materials.  Mr. Tracy enclosed with the letter copies of, among other things, transcripts of petitioner's accounts, financial forms for petitioner's completion, and Pierson v. Commissioner, 115 T.C. 576 (2000) (discussing the potential application of penalties where tax protesters persist in bringing frivolous cases to this Court).

The hearing was subsequently rescheduled for January 7, 2003, and a face-to-face conference between petitioner and Mr. Tracy was held on that date.  Following the hearing, respondent on January 23, 2003, issued to petitioner the aforementioned Notice of Determination Concerning Collection Action(s) Under Section

---

[3] See supra note 2.

6320 and/or 6330, sustaining the lien action.[4]  An attached Collection Due Process Appeals Case Memorandum addressed the verification of legal and procedural requirements, the issues raised by the taxpayer, and the balancing of efficient collection and intrusiveness.  In light of the frivolous nature of the arguments advanced by petitioner, the attachment also contained a "Litigation Note" reading in part as follows:  "At the hearing on January 7, 2003, the taxpayer acknowledged receipt of the documents sent with the appointment letter.  I gave him another copy of *Pierson* and again warned him of the potential for sanctions upon frivolous litigation."

Petitioner's petition disputing the notice of determination was filed with the Court on March 24, 2004.  The petition makes two assignments of error vis-a-vis respondent's determination:

> a.  Error in failing to produce evidence that the Commissioner certified and transmitted the supplemental assessments list in accordance with 26 U.S.C. § 6204.

> b.  Error in failing to prove actual mailing of the Notice of Assessment upon the Petitioner's denial of receipts of the Notice of Assessment.

Petitioner prays that this Court issue an order requiring respondent to show cause why the determination should not be

---

[4] The Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 also explained that because petitioner's Form 12153 was untimely with respect to the notice of intent to levy, petitioner was entitled only to an "equivalent hearing", which is not subject to judicial review. The resultant decision was that the proposed levy action should be sustained.

vacated; find the determination arbitrary, capricious, not supported by the evidence, and unreasonable; vacate the January 23, 2003, determination; award petitioner costs and fees incurred in the prosecution of this action; and afford such other relief as the Court deems just and proper.[5]

After the pleadings were closed in this case, respondent on August 26, 2004, filed the subject motion for summary judgment and to impose a penalty. Petitioner filed a response objecting to respondent's motion on September 20, 2004. In the response, petitioner focuses on contentions that respondent's failure to permit recording of the hearing necessitates a remand and that his allegations and supporting affidavit of nonreceipt of the "Notice of Assessment" require respondent to produce evidence of proof of mailing.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy." Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any,

---

[5] The Court notes that to the extent that the petition seeks reasonable administrative and/or litigation costs pursuant to sec. 7430, any such claim is premature and will not be further addressed. See Rule 231.

show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Facts are viewed in the light most favorable to the nonmoving party. Id. However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

I. Collection Actions

A. General Rules

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability after demand for payment. The lien generally arises at the time assessment is made. Sec. 6322. Section 6323, however, provides that such lien shall not be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until the Secretary files a notice of lien with the appropriate public officials. Section 6320 then sets forth procedures applicable to

afford protections for taxpayers in lien situations.  Section 6320(a)(1) establishes the requirement that the Secretary notify in writing the person described in section 6321 of the filing of a notice of lien under section 6323.  This notice required by section 6320 must be sent not more than 5 business days after the notice of tax lien is filed and must advise the taxpayer of the opportunity for administrative review of the matter in the form of a hearing before the Internal Revenue Service Office of Appeals.  Sec. 6320(a)(2) and (3).  Section 6320(b) and (c) grants a taxpayer, who so requests, the right to a fair hearing before an impartial Appeals officer, generally to be conducted in accordance with the procedures described in section 6330(c), (d), and (e).

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
>> (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
>>
>> (2) Issues at hearing.--
>>
>>> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>>>
>>>> (i) appropriate spousal defenses;

> (ii) challenges to the appropriateness of collection actions; and
>
> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>
> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek judicial review in the Tax Court or a District Court, depending upon the type of tax.  In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

> where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

B.  Analysis

   1.  Appeals Hearing

The petition emphasizes petitioner's claim that he was denied the collection hearing to which he was entitled and seeks

a remand to Appeals in order to allow a conference to be held.
Relevant caselaw precedent and regulatory authority, however,
indicate that the circumstances here are not such as to render
remand appropriate.

Hearings conducted under sections 6320 and 6330 are informal
proceedings, not formal adjudications.  Katz v. Commmissioner,
115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. 35, 41
(2000).  There exists no right to subpoena witnesses or documents
in connection with these hearings.  Roberts v. Commissioner, 118
T.C. 365, 372 (2002), affd. 329 F.3d 1224 (11th Cir. 2003);
Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002); Davis v.
Commissioner, supra at 41-42.  Taxpayers are entitled to be
offered a face-to-face hearing at the Appeals Office nearest
their residence.  Where the taxpayer declines to participate in a
proffered face-to-face hearing, hearings may also be conducted
telephonically or by correspondence.  Katz v. Commissioner, supra
at 337-338; Dorra v. Commissioner, T.C. Memo. 2004-16; sec.
301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs.
Furthermore, once a taxpayer has been given a reasonable
opportunity for a hearing but has failed to avail himself or
herself of that opportunity, we have approved the making of a
determination to proceed with collection based on the Appeals
officer's review of the case file.  See, e.g., Taylor v.
Commissioner, T.C. Memo. 2004-25; Leineweber v. Commissioner,

T.C. Memo. 2004-17; <u>Armstrong v. Commissioner</u>, T.C. Memo. 2002-224; <u>Gougler v. Commissioner</u>, T.C. Memo. 2002-185; <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.  Thus, a face-to-face meeting is not invariably required.

Regulations promulgated under sections 6320 and 6330 likewise incorporate many of the foregoing concepts, as follows:

Q-D6.  How are CDP hearings conducted?

A-D6.  * * * CDP hearings * * * are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting.  A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof. * * *

Q-D7.  If a taxpayer wants a face-to-face CDP hearing, where will it be held?

A-D7.  The taxpayer must be offered an opportunity for a hearing at the Appeals office closest to taxpayer's residence or, in the case of a business taxpayer, the taxpayer's principal place of business.  If that is not satisfactory to the taxpayer, the taxpayer will be given an opportunity for a hearing by correspondence or by telephone.  If that is not satisfactory to the taxpayer, the Appeals officer or employee will review the taxpayer's request for a CDP hearing, the case file, any other written communications from the taxpayer (including written communications, if any, submitted in connection with the CDP hearing), and any notes of any oral communications with the taxpayer or the taxpayer's representative.  Under such circumstances, review of those documents will constitute the CDP hearing for the purposes of section 6330(b).  [Sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs.]

See also sec. 301.6320-1(d)(2) Q&A-D6 and D7, Proced. & Admin. Regs. (nearly identical language except for final reference to "section 6320(b)". This Court has cited the above regulatory provisions with approval. See, e.g., Taylor v. Commissioner, supra; Leineweber v. Commissioner, supra; Dorra v. Commissioner, supra; Gougler v. Commissioner, supra.

With respect to the instant matter, the record reflects that petitioner and Mr. Tracy participated in a face-to-face hearing on January 7, 2003. As regards petitioner's complaints concerning recording, on July 8, 2003, this Court issued Keene v. Commissioner, 121 T.C. 8, 19 (2003), in which it was held that taxpayers are entitled, pursuant to section 7521(a)(1), to audio record section 6330 hearings. The taxpayer in that case had refused to proceed when denied the opportunity to record, and we remanded the case to allow a recorded Appeals hearing. Id.

In contrast, we have distinguished, and declined to remand, cases where the administrative proceedings took place prior to our opinion in Keene v. Commissioner, supra; where the taxpayer had participated in an Appeals Office hearing, albeit unrecorded; and where all issues raised by the taxpayer could be properly decided from the existing record. E.g., id. at 19, 20; Frey v. Commissioner, T.C. Memo. 2004-87; Durrenberger v. Commissioner, T.C. Memo. 2004-44; Brashear v. Commissioner, T.C. Memo. 2003-196; Kemper v. Commissioner, T.C. Memo. 2003-195.

Stated otherwise, cases will not be remanded to Appeals, nor determinations otherwise invalidated, merely on account of the lack of a recording when to do so is not necessary and would not be productive.  See, e.g., <u>Frey v. Commissioner</u>, <u>supra</u>; <u>Durrenberger v. Commissioner</u>, <u>supra</u>; <u>Brashear v. Commissioner</u>, <u>supra</u>; <u>Kemper v. Commissioner</u>, <u>supra</u>; see also <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001).

A principal scenario falling short of the necessary or productive standard exists where the taxpayers rely on frivolous or groundless arguments consistently rejected by this and other courts.  See, e.g., <u>Frey v. Commissioner</u>, <u>supra</u>; <u>Brashear v. Commissioner</u>, <u>supra</u>; <u>Kemper v. Commissioner</u>, <u>supra</u>.  Here, because the contentions advanced by petitioner throughout the administrative process and before the Court are of this nature, and because petitioner in fact received an in-person conference, this case is closely analogous to those just cited.  The record does not indicate that any purpose would be served by remand.  We conclude that all pertinent issues relating to the propriety of the collection determination can be decided through review of the materials before us.

### 2.  <u>Review of Underlying Liabilities</u>

Statutory notices of deficiency for 1993, 1994, 1995, 1996, and 1997 were issued to petitioner.  Petitioner has at no time alleged that he did not receive these notices, and the record

- 14 -

indicates that petitioner sent communications referencing the notices, making clear that these documents were received.

Hence, because petitioner received valid notices of deficiency and did not timely petition for redetermination, he is precluded under section 6330(c)(2)(B) from disputing his underlying tax liabilities in this proceeding.  Any remaining contentions raised during the administrative proceedings generally challenging the "existence" of any statute imposing or requiring him to pay income tax warrant no further comment.  See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.")

3.  Review for Abuse of Discretion

Petitioner has also made various arguments relating to aspects of the assessment and collection procedures that we review for abuse of discretion.  Action constitutes an abuse of discretion under this standard where arbitrary, capricious, or without sound basis in fact or law.  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Federal tax assessments are formally recorded on a record of assessment in accordance with section 6203.  The Commissioner is not required to use Form 23C in making an assessment.  Roberts v. Commissioner, 118 T.C. at 369-371.  Furthermore, section

6330(c)(1) mandates neither that the Appeals officer rely on a particular document in satisfying the verification requirement nor that the Appeals officer actually give the taxpayer a copy of the verification upon which he or she relied.  Craig v. Commissioner, 119 T.C. 252, 262 (2002); Nestor v. Commissioner, 118 T.C. at 166.

A Form 4340, for instance, constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203.  Davis v. Commissioner, 115 T.C. at 40 (and cases cited threat).  Consequently, absent a showing by the taxpayer of some irregularity in the assessment procedure that would raise a question about the validity of the assessments, a Form 4340 reflecting that tax liabilities were assessed and remain unpaid is sufficient to support collection action under section 6330.  Id. at 40-41.  We have specifically held that it is not an abuse of discretion for an Appeals officer to rely on Form 4340, Nestor v. Commissioner, supra at 166; Davis v. Commissioner, supra at 41, or a computer transcript of account, Schroeder v. Commissioner, T.C. Memo. 2002-190; Mann v. Commissioner, T.C. Memo. 2002-48, to comply with section 6330(c)(1).

Here, the record contains Forms 4340 for 1993, 1994, 1995, 1996, and 1997, indicating that assessments were made for the year and that taxes remain unpaid.  Petitioner has cited no

irregularities that would cast doubt on the information recorded thereon.

In addition to the specific dictates of section 6330, the Secretary, upon request, is directed to furnish to the taxpayer a copy of pertinent parts of the record of assessment setting forth the taxpayer's name, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.  Sec. 6203; sec. 301.6203-1, Proced. & Admin. Regs.  A taxpayer receiving a copy of Form 4340 has been provided with all the documentation to which he or she is entitled under section 6203 and section 301.6203-1, Proced. & Admin. Regs. Roberts v. Commissioner, supra at 370 n.7.  This Court likewise has upheld collection action where taxpayers were provided with literal transcripts of account (so-called MFTRAX).  See, e.g., Frank v. Commissioner, T.C. Memo. 2003-88; Swann v. Commissioner, T.C. Memo. 2003-70.  The November 19, 2002, letter to petitioner from Mr. Tracy enclosed copies of transcripts of account for the relevant years.

Furthermore, petitioner's argument with regard to section 6204 is groundless.  Section 6204(a) addresses supplemental assessments and specifies:  "The Secretary may, at any time within the period prescribed for assessment, make a supplemental assessment whenever it is ascertained that any assessment is imperfect or incomplete in any material respect."  Section

6204(b) renders supplemental assessment of deficiencies subject to the restrictions of section 6213. Section 6204 has no bearing here in that respondent assessed petitioner's liabilities for each year in issue on February 12, 2001, after following standard deficiency procedures. The Court concludes that petitioner's complaints regarding the assessments or verification are meritless.

Petitioner has denied receiving "the Notice of Assessment", apparently referring to the notice and demand for payment that section 6303(a) establishes should be given within 60 days of the making of an assessment. However, a notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a). Craig v. Commissioner, supra at 262-263. The Forms 4340 indicate that petitioner was sent such notices of balance due for each of the tax years involved.

Petitioner argues that his sworn denial of receipt of the "Notice of Assessment" shifts to respondent the burden of proving actual mailing of these notices. Yet petitioner has never addressed, much less denied, receipt of the notices of balance due reflected in the Forms 4340. Accordingly, he has raised no genuine issue of material fact as to the accuracy of the Forms 4340 showing compliance with the pertinent statutory requirements.

Thus, with respect to those issues enumerated in section 6330(c)(2)(A) and subject to review in collection proceedings for abuse of discretion, petitioner has not raised any spousal defenses, valid challenges to the appropriateness of the collection action, or collection alternatives.  As this Court has noted in earlier cases, Rule 331(b)(4) states that a petition for review of a collection action shall contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination and that any issue not raised in the assignments of error shall be deemed conceded.  See Lunsford v. Commissioner, 117 T.C. at 185-186; Goza v. Commissioner, 114 T.C. 176, 183 (2000).  For completeness, we have addressed various points advanced by petitioner during the administrative process, but the items listed in section 6330(c)(2)(A) were not pursued even during those proceedings. Accordingly, the Court concludes that respondent's determination to proceed with collection of petitioner's tax liabilities was not an abuse of discretion.  The Court will grant respondent's motion for summary judgment.[6]

---

[6] To the extent that petitioner in his response to respondent's motion argues that summary judgment should be granted sua sponte in his favor as the nonmoving party, any such action would be unwarranted for the reasons discussed in the text.

II.  Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require the taxpayer to pay a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  In Pierson v Commissioner, 115 T.C. at 581, we warned that taxpayers abusing the protections afforded by sections 6320 and 6330 through the bringing of dilatory or frivolous lien or levy actions will face sanctions under section 6673.  We have since repeatedly disposed of cases premised on arguments akin to those raised herein summarily and with imposition of the section 6673 penalty.  See, e.g., Craig v. Commissioner, 119 T.C. at 264-265 (and cases cited thereat).

With respect to the instant matter, we are convinced that petitioner instituted this proceeding primarily for delay. Throughout the administrative and pretrial process, petitioner advanced contentions and demands previously and consistently rejected by this and other courts.  He submitted lengthy communications quoting, citing, using out of context, and otherwise misapplying portions of the Internal Revenue Code, regulations, court decisions, and other authorities.  Moreover, petitioner has explicitly been alerted to Pierson v. Commisssioner, supra, and use of sanctions in analogous

situations.  It is inappropriate that taxpayers who promptly pay their taxes should have the cost of government and tax collection improperly increased by frivolous arguments already fully considered and rejected by the courts.

Hence, petitioner received fair warning but has persisted in disputing respondent's determination.  The Court concludes that a section 6673 penalty of $3,000 should be awarded to the United States in this case.  To reflect the foregoing,

<u>An appropriate order</u>
<u>granting respondent's motion</u>
<u>and decision for respondent</u>
<u>will be entered</u>.