T.C. Memo. 2005-286


UNITED STATES TAX COURT



ROBERT E. CRANDALL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 7599-03L.            Filed December 15, 2005.


    P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action was appropriate.

    <u>Held</u>:  Because P has advanced groundless
complaints in dispute of the notice of intent to levy,
R's determination to proceed with collection action is
sustained.

    <u>Held</u>, <u>further</u>, a penalty under sec. 6673, I.R.C.,
is due from P and is awarded to the United States in
the amount of $3,000.


Robert E. Crandall, pro se.

<u>Rollin G. Thorley</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge: This case arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action Under Section 6330.[1] The issues for decision are: (1) Whether respondent may proceed with collection action as so determined, and (2) whether the Court, sua sponte, should impose a penalty under section 6673.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.

This case involves petitioner's 1998 and 1999 income tax liabilities. With respect to 1998, petitioner initially filed a Federal income tax return reporting a balance due and not accompanied by full payment. On July 19, 1999, respondent assessed the reported tax, as well as statutory additions and interest. Notices of balance due for 1998 were also promptly sent to petitioner. Petitioner subsequently submitted an amended return, received by respondent on September 21, 2000, reflecting no income or tax liability and requesting a refund of withholdings. By letter dated December 26, 2001, the Internal

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

Revenue Service (IRS) notified petitioner of disallowance of the refund claim and of his right to contest the denial by filing a lawsuit in the U.S. District Court or U.S. Court of Federal Claims.

With respect to 1999, the IRS examined petitioner's filed return and issued a statutory notice of deficiency. Petitioner did not file a petition with this Court in response to the notice of deficiency, and respondent assessed the tax, an addition to tax, and interest for 1999 on November 19, 2001. Notices of balance due were promptly sent to petitioner with respect 1999.

Thereafter, on August 5, 2002, respondent issued to petitioner a Final Notice of Intent To Levy and Notice of Your Right To a Hearing regarding his unpaid liabilities for 1998 and 1999. Petitioner timely submitted to respondent a Form 12153, Request for a Collection Due Process Hearing, setting forth his disagreement with the levy, as follows: "NOT LIABLE, MORE DETAILS TO FOLLOW".

By a letter dated February 20, 2003, Julieanne M. Petersen, the Appeals officer to whom petitioner's case had been assigned, scheduled a hearing for March 20, 2003, in Las Vegas, Nevada.[2] The letter briefly outlined the hearing process, advised that audio or stenographic recording of hearings was not allowed, and

---

[2] The explanation attached to the Apr. 23, 2003, notice of determination apparently refers in error to Mar. 28, 2003, as the date initially scheduled for the requested hearing.

explained the opportunity to present and discuss "non-frivolous" material.  The letter also warned petitioner as follows:  "<u>THE COURTS HAVE DEEMED THE ARGUMENTS THAT ARE CONTAINED IN YOUR PREVIOUS CORRESPONDENCE WITH THE INTERNAL REVENUE SERVICE FIRVOLOUS [sic].  THEY WILL NOT HEAR THEM AND NEITHER WILL THEY BE ADDRESSED AT YOUR COLLECTION DUE PROCESS HEARING.</u>"  The hearing was subsequently rescheduled for April 10, 2003, at petitioner's request.

By identical letters dated March 1 and 21, 2003, petitioner requested that enumerated documents be provided at the upcoming hearing "before I am persuaded that I am legally obligated to pay the taxes and penalty at issue."  The letters also advised that petitioner would be recording the hearing.

Petitioner appeared for the scheduled hearing on April 10, 2003, but the hearing did not proceed when the Appeals officer refused to permit petitioner to record the meeting.  On April 23, 2003, respondent issued to petitioner the aforementioned Notice of Determination Concerning Collection Action Under Section 6330, sustaining the proposed levy action.  An attachment to the notice addressed the verification of legal and procedural requirements, the issues raised by the taxpayer, and the balancing of efficient collection and intrusiveness.  The attachment noted that the issues raised by petitioner in his correspondence were "frivolous and without merit" and that petitioner had been provided with

copies of <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000), and other cases highlighting the invalidity of his arguments.

Petitioner's petition disputing the notice of determination was filed with the Court on May 20, 2003, and reflected an address in Las Vegas, Nevada.[3] Petitioner's complaints with respect to the administrative proceedings included the following: No legitimate hearing under section 6330 ever took place; petitioner was not permitted to record the scheduled hearing; petitioner was denied the opportunity to raise issues he deemed "relevant" (e.g., the "existence" of the underlying tax liability); and requested documentation had not been produced (e.g., record of the assessments, statutory notice and demand for payment, and verification from the Secretary that all applicable requirements were met). Petitioner's prayer asked this Court to declare invalid the April 23, 2003, determination; order the IRS to suspend enforcement activity until a hearing is held; order the IRS to hold a hearing and to produce all requested

---

[3] The record also contains a copy of a letter dated June 20, 2003, and addressed to the Appeals officer, disputing the notice of determination. The letter is from a Milton H. Baxley II alleging to hold a power of attorney to act on behalf of petitioner. The letter focuses in particular on claimed violations of the verification requirements of sec. 6330 and contains a so-called offer to pay in full the amount of any tax "upon presentment of a verified bill signed under penalty of perjury by a person who has first hand knowledge of the facts, and that the alleged amount is due and owing by my client, and that the amount is true, correct, complete and not misleading."

documentation; and order the Government to reimburse petitioner for all costs incurred in submitting the instant petition.[4]

On September 20, 2004, respondent filed a motion for summary judgment. Petitioner filed a timely response in opposition to respondent's motion on October 12, 2004. The response essentially reprised petitioner's demands for a recorded hearing and documentation. The Court on November 17, 2004, issued an order denying the motion for summary judgment, ruling as set forth below:

> As respondent correctly notes in the motion for summary judgment, issues raised by petitioner during the administrative process and before us have been repeatedly rejected by this and other courts or are refuted by the documentary record. Moreover, the Court observes that maintenance of similar arguments has served as grounds for imposition of penalties under section 6673. However, the case in its current posture presents a procedural shortcoming.
>
> On July 8, 2003, this Court issued Keene v. Commissioner, 121 T.C. 8, 19 (2003), in which it was held that taxpayers are entitled, pursuant to section 7521(a)(1), to audio record section 6330 hearings. The taxpayer in that case had refused to proceed when denied the opportunity to record, and we remanded the case to allow a recorded Appeals hearing. Id. In contrast, we have distinguished, and declined to remand, cases where the taxpayer had participated in an Appeals Office hearing, albeit unrecorded, and where all issues raised by the taxpayer could be properly decided from the existing record. E.g., id. at 19, 20; Frey v. Commissioner, T.C. Memo. 2004-87; Durrenberger v. Commissioner, T.C. Memo. 2004-44; Brashear v.

---

[4] The Court notes that to the extent that the petition seeks reasonable administrative and/or litigation costs pursuant to sec. 7430, any such claim is premature and will not be further addressed. See Rule 231.

<u>Commissioner</u>, T.C. Memo. 2003-196; <u>Kemper v.</u>
<u>Commissioner</u>, T.C. Memo. 2003-195.

The circumstances of the instant case are analogous to those in <u>Keene v. Commissioner</u>, <u>supra</u>, and diverge from those where it was determined that remand was not necessary and would not be productive. Critically, because the conference was terminated when petitioner refused to turn off his recorder, no hearing was ever held. Hence, there still exists a possibility that petitioner might have raised one or more nonfrivolous issues if the meeting had proceeded.

In this situation, the Court declines to characterize the failure to allow recording as harmless error. Hence, the Court will deny respondent's motion for summary judgment at this time. As in <u>Keene v.</u>
<u>Commissioner</u>, <u>supra</u> at 19, however, we admonish petitioner that if he persists in making frivolous and groundless tax protester arguments in any further proceedings with respect to this case, rather than raising relevant issues, as specified in section 6330(c)(2), the Court may consider granting a future motion for summary judgment. In such an instance, the Court would also be in a position to impose a penalty under section 6673(a)(1).

This case was called from the calendar of the trial session of the Court in Las Vegas, Nevada, on December 6, 2004, and a trial was held the following day. At the outset, the Court cautioned petitioner to be cognizant of our November 17, 2004, order, explaining:

But I have already ruled in this order that the Appeals Officer did deny you your right to a hearing, which you had a right to record. The Court has addressed that matter and we have determined that the Respondent, the Internal Revenue Service, was wrong in not allowing you to record your hearing.

However, we have also determined that if you don't have--if taxpayers, and not you, but if a taxpayer who wants to record a hearing has only frivolous issues which have no merit, and which this court and other

courts have continuously rejected, that there is no reason for remanding your case to appeals to hold a face to face hearing and waste your time, Appeals' time, and the taxpayers' money to simply allow you to document on a tape all of your frivolous arguments.

So the question is as I noted in the * * * [order], do you have any issues which I have authority to consider, and which Appeals had authority to consider at your hearing which you want to raise, and presumably would have raised at the hearing had you been given a chance to have the hearing.

An that's why I denied the government's motion, because they did deny you your rights, and we don't know whether--I don't know whether you have any legitimate issue to raise or not. So that is what you have to address here.

Petitioner responded with: "Well, my position is that the hearing was denied, and that I was not able to bring up the issues that I outlined in a letter when requesting my letter for certain documents, and et cetera, to be available, and for the government to have at the hearing. Those were issues that I wanted to discuss with them." The Court again reiterated that such contentions had been ruled meritless, and warned petitioner: "Making those arguments, and continuing to make those arguments, and costing the taxpayers a lot of money for me to deal with them, may result in the application of additional penalties under Section 6673." Petitioner's remaining comments failed to identify any specific colorable issues for remand and consisted principally of vague recitations or paraphrases of the statutory language.

Petitioner subsequently filed a posttrial brief. He therein recapitulated the position taken throughout these proceedings and at trial, focusing once again on lack of a recorded hearing and of sufficient verification and documentation of procedural requisites. Respondent elected not to file a brief.

OPINION

I. Collection Actions

A. General Rules

Section 6331(a) authorizes the Commissioner to levy upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability within 10 days after notice and demand for payment. Sections 6331(d) and 6330 then set forth procedures generally applicable to afford protections for taxpayers in such levy situations. Section 6331(d) establishes the requirement that a person be provided with at least 30 days' prior written notice of the Commissioner's intent to levy before collection may proceed. Section 6331(d) also indicates that this notification should include a statement of available administrative appeals. Section 6330(a) expands in several respects upon the premise of section 6331(d), forbidding collection by levy until the taxpayer has received notice of the opportunity for administrative review of the matter in the form of a hearing before the IRS Office of Appeals. Section 6330(b)

grants a taxpayer who so requests the right to a fair hearing before an impartial Appeals officer.

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c). Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
>
> (2) Issues at hearing.--
>
> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>
> (i) appropriate spousal defenses;
>
> (ii) challenges to the appropriateness of collection actions; and
>
> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>
> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows

the taxpayer to seek judicial review in the Tax Court or a U.S. District Court, depending upon the type of tax. In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

> where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

B. Analysis

1. Appeals Hearing

Hearings conducted under section 6330 are informal proceedings, not formal adjudications. Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. 35, 41 (2000). There exists no right to subpoena witnesses or documents in connection with section 6330 hearings. Roberts v. Commissioner, 118 T.C. 365, 372 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002); Davis v. Commissioner, supra at 41-42. Taxpayers are entitled to be offered a face-to-face hearing at the Appeals Office nearest their residence. Where the taxpayer declines to participate in a proffered face-to-face hearing, hearings may also be conducted by telephone or correspondence. Katz v. Commissioner, supra at 337-338; Dorra v. Commissioner, T.C. Memo. 2004-16; sec. 301.6330-

1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs.  Furthermore, once a taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself or herself of that opportunity, we have approved the making of a determination to proceed with collection based on the Appeals officer's review of the case file.  See, e.g., <u>Taylor v. Commissioner</u>, T.C. Memo. 2004-25, affd. 130 Fed. Appx. 934 (9th Cir. 2005); <u>Leineweber v. Commissioner</u>, T.C. Memo. 2004-17; <u>Armstrong v. Commissioner</u>, T.C. Memo. 2002-224; <u>Gougler v. Commissioner</u>, T.C. Memo. 2002-185; <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.  Thus, a face-to-face meeting is not invariably required.

Regulations promulgated under section 6330 likewise incorporate many of the foregoing concepts, as follows:

> Q-D6.  How are CDP hearings conducted?
>
> A-D6.  * * * CDP hearings * * * are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting.  A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof. * * *
>
> Q-D7.  If a taxpayer wants a face-to-face CDP hearing, where will it be held?
>
> A-D7.  The taxpayer must be offered an opportunity for a hearing at the Appeals office closest to taxpayer's residence or, in the case of a business taxpayer, the taxpayer's principal place of business.  If that is not satisfactory to the taxpayer, the taxpayer will be given an opportunity for a hearing by correspondence or by telephone.  If that is not

> satisfactory to the taxpayer, the Appeals officer or employee will review the taxpayer's request for a CDP hearing, the case file, any other written communications from the taxpayer (including written communications, if any, submitted in connection with the CDP hearing), and any notes of any oral communications with the taxpayer or the taxpayer's representative. Under such circumstances, review of those documents will constitute the CDP hearing for the purposes of section 6330(b). [Sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs.]

This Court has cited the above regulatory provisions, and corresponding promulgations under section 6320, with approval. See, e.g., Taylor v. Commissioner, supra; Leineweber v. Commissioner, supra; Dorra v. Commissioner, supra; Gougler v. Commissioner, supra.

With respect to the instant matter, the record reflects that petitioner was provided with an opportunity for a face-to-face hearing on April 10, 2003. The hearing did not proceed when petitioner was not permitted to record the meeting. As explained in our previous order in this case, in Keene v. Commissioner, 121 T.C. 8, 19 (2003), this Court held that taxpayers are entitled, pursuant to section 7521(a)(1), to audio record section 6330 hearings. The taxpayer in that case had refused to proceed when denied the opportunity to record, and we remanded the case to allow a recorded Appeals hearing. Id.

In contrast, again as noted in our November 17, 2004, order, we have distinguished, and declined to remand, cases where the taxpayer had participated in an Appeals Office hearing, albeit

unrecorded, and where all issues raised by the taxpayer could be properly decided from the existing record. E.g., id. at 19-20; Frey v. Commissioner, T.C. Memo. 2004-87; Durrenberger v. Commissioner, T.C. Memo. 2004-44; Brashear v. Commissioner, T.C. Memo. 2003-196; Kemper v. Commissioner, T.C. Memo. 2003-195. Stated otherwise, cases will not be remanded to Appeals, nor determinations otherwise invalidated, merely on account of the lack of a recording when to do so is not necessary and would not be productive. See, e.g., Frey v. Commissioner, supra; Durrenberger v. Commissioner, supra; Brashear v. Commissioner, supra; Kemper v. Commissioner, supra; see also Lunsford v. Commissioner, 117 T.C. 183, 189 (2001). A principal scenario falling short of the necessary or productive standard exists where the taxpayers rely on frivolous or groundless arguments consistently rejected by this and other courts. See, e.g., Frey v. Commissioner, supra; Brashear v. Commissioner, supra; Kemper v. Commissioner, supra.

Because no hearing had been conducted at all in petitioner's case, we declined to grant respondent's motion for summary judgment. The record as it then existed did not foreclose the possibility that petitioner might have raised valid arguments had a hearing been held. Accordingly, we provided petitioner an opportunity before the Court at the trial session in Las Vegas to identify any legitimate issues he wished to raise that could

warrant further consideration of the merits of his case by the Appeals Office or this Court. Petitioner, however, merely continued to focus on the denial of a recorded hearing and offered no substantive issues of merit.

Hence, despite repeated warnings and opportunities, the only contentions other than the recorded hearing advanced by petitioner are, as will be further discussed below, of a nature previously rejected by this and other courts. The record therefore does not indicate that any purpose would be served by remand or additional proceedings. The Court concludes that all pertinent issues relating to the propriety of the collection determination can be decided through review of the materials before it.

## 2. Review of Underlying Liabilities

With respect to 1999, a statutory notice of deficiency was issued to petitioner, and he has at no time alleged that he did not receive the notice. He did not timely petition this Court for redetermination when he had the opportunity to do so. Accordingly, petitioner is precluded under section 6330(c)(2)(B) from disputing his underlying liability for 1999 in this proceeding.

With respect to 1998, because the assessments were based on petitioner's filed return, no notice of deficiency was issued. However, to the extent that petitioner might be entitled to

challenge his underlying liability under the rationale of
Montgomery v. Commissioner, 122 T.C. 1, 9 (2004),[5] he has at no
time offered even a scintilla of evidence that would show error
in respondent's determinations. Since he did not address
computation of his 1998 tax liability either at trial or on
brief, even a de novo review would not avail petitioner.
Moreover, he has now forfeited his chance to suggest any
meritorious issues worthy of remand.

      3. Review for Abuse of Discretion

Petitioner has also made various arguments relating to
aspects of the assessment and collection procedures that we
review for abuse of discretion. Action constitutes an abuse of
discretion under this standard where arbitrary, capricious, or
without sound basis in fact or law. Woodral v. Commissioner, 112
T.C. 19, 23 (1999).

Federal tax assessments are formally recorded on a record of
assessment in accordance with section 6203. The Commissioner is
not required to use Form 23C in making an assessment. Roberts v.
Commissioner, 118 T.C. at 369-371. Furthermore, section
6330(c)(1) mandates neither that the Appeals officer rely on a
particular document in satisfying the verification requirement
nor that the Appeals officer actually give the taxpayer a copy of
the verification upon which he or she relied. Craig v.

---

[5] Cf. Farley v. Commissioner, T.C. Memo. 2004-168.

Commissioner, 119 T.C. 252, 262 (2002); Nestor v. Commissioner, 118 T.C. at 166.

A Form 4340, Certificate of Assessments, Payments and Other Specified Matters, for instance, constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203. Davis v. Commissioner, 115 T.C. at 40 (and cases cited threat). Consequently, absent a showing by the taxpayer of some irregularity in the assessment procedure that would raise a question about the validity of the assessments, a Form 4340 reflecting that tax liabilities were assessed and remain unpaid is sufficient to support collection action under section 6330. Id. at 40-41. We have specifically held that it is not an abuse of discretion for an Appeals officer to rely on Form 4340, Nestor v. Commissioner, supra at 166; Davis v. Commissioner, supra at 41, or a computer transcript of account, Schroeder v. Commissioner, T.C. Memo. 2002-190; Mann v. Commissioner, T.C. Memo. 2002-48, to comply with section 6330(c)(1).

Here, the record contains Forms 4340 for 1998 and 1999, indicating that assessments were made for each of these years and that taxes remain unpaid. Petitioner has cited no irregularities that would cast doubt on the information recorded thereon.

In addition to the specific dictates of section 6330, the Secretary, upon request, is directed to furnish to the taxpayer a copy of pertinent parts of the record of assessment setting forth

the taxpayer's name, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed. Sec. 6203; sec. 301.6203-1, Proced. & Admin. Regs. A taxpayer receiving a copy of Form 4340 has been provided with all the documentation to which he or she is entitled under section 6203 and section 301.6203-1, Proced. & Admin. Regs. Roberts v. Commissioner, supra at 370 n.7. This Court likewise has upheld collection actions where taxpayers were provided with literal transcripts of account (so-called MFTRAX). See, e.g., Frank v. Commissioner, T.C. Memo. 2003-88; Swann v. Commissioner, T.C. Memo. 2003-70. The February 20, 2003, letter to petitioner from the Appeals officer stated that copies of "transcripts showing the contested assessments" would be available for petitioner. The Court concludes that petitioner's complaints regarding the assessments and verification are meritless.

Petitioner has denied receiving the notice and demand for payment that section 6303(a) establishes should be given within 60 days of the making of an assessment. However, a notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a). Craig v. Commissioner, supra at 262-263. The Forms 4340 indicate that petitioner was sent notices of balance due for each of the tax years involved.

Thus, with respect to those issues enumerated in section 6330(c)(2)(A) and subject to review in collection proceedings for

abuse of discretion, petitioner has not raised any spousal defenses, valid challenges to the appropriateness of the collection action, or collection alternatives. As this Court has noted in earlier cases, Rule 331(b)(4) states that a petition for review of a collection action shall contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination and that any issue not raised in the assignments of error shall be deemed conceded. See Lunsford v. Commissioner, 117 T.C. at 185-186; Goza v. Commissioner, 114 T.C. 176, 183 (2000). For completeness, we have addressed various points advanced by petitioner during the administrative process and this litigation, but the items listed in section 6330(c)(2)(A) were not pursued in any proceedings. Accordingly, the Court concludes that respondent's determination to proceed with collection of petitioner's tax liabilities was not an abuse of discretion.

## II. Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require the taxpayer to pay a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. In Pierson v. Commissioner, 115 T.C. at 581, we warned that taxpayers abusing the protections afforded by

sections 6320 and 6330 through the bringing of dilatory or frivolous lien or levy actions will face sanctions under section 6673. We have since repeatedly disposed of cases premised on arguments akin to those raised herein summarily and with imposition of the section 6673 penalty. See, e.g., Craig v. Commissioner, supra at 264-265 (and cases cited threat).

With respect to the instant matter, we are convinced that petitioner instituted this proceeding primarily for delay. Throughout the administrative and pretrial process, petitioner advanced contentions and demands previously and consistently rejected by this and other courts. He submitted communications quoting, citing, using out of context, and otherwise misapplying portions of the Internal Revenue Code, regulations, Supreme Court decisions, and other authorities. While his procedural stance concerning recording was correct, he ignored the Court's explicit warning that any further proceedings would be justified only in the face of relevant and nonfrivolous issues.

Moreover, petitioner was, on multiple occasions, expressly alerted to the potential use of sanctions in his case. Yet he appeared at the trial session in Las Vegas without any legitimate evidence or argument in support of his position. He instead continued to espouse those positions that had been explicitly addressed and rejected in this Court's order of November 17, 2004, or in other cases previously decided by the Court. The

Court sua sponte concludes that a penalty of $3,000 should be awarded to the United States in this case.  To reflect the foregoing,

<u>An appropriate decision
will be entered</u>.