T.C. Memo. 2004-25

UNITED STATES TAX COURT

SUE TAYLOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13491-03L.                    Filed February 3, 2004.

Sue Taylor, pro se.

<u>Erin K. Huss</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent, in a motion filed on November 6, 2003, moved for summary judgment on the question of whether respondent may proceed with collection of Federal income tax assessed against petitioner.  Petitioner, on November 14, 2003, filed a cross-motion for summary judgment on the question of

whether this case should be remanded to respondent's Appeals Office for a recorded administrative hearing. Petitioner objects to respondent's motion, and respondent objects to petitioner's motion. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

Background

On June 21, 2001, respondent mailed to petitioner a statutory notice of deficiency for the taxable period ending December 31, 1997. Petitioner received the statutory notice, but failed to petition this Court. On November 26, 2001, respondent assessed petitioner's 1997 Federal income tax deficiency.

A Form 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, was sent to petitioner on April 2, 2002. On April 9, 2002, respondent sent petitioner a letter entitled, "Notice of Federal Tax Lien Filing and Your Right to a Hearing under I.R.C. §6320". Petitioner's designated representative timely requested an administrative hearing under sections 6320 and 6330. Petitioner's sole contention in the administrative hearing request was that "there are egregious errors that once corrected would mitigate the collection activity."

On June 23, 2003, respondent's Appeals officer sent petitioners's designated representative a letter scheduling the date and time of the requested hearing for July 10, 2003, at 9 a.m. Attached to the letter was a copy of petitioner's Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, with respect to petitioner's 1997 tax year. The Appeals officer also noted in the letter that petitioner's representative could request a phone conference instead of an in-person meeting if he preferred.

Neither petitioner nor her designated representative appeared for the scheduled conference. Further neither petitioner nor her representative attempted to schedule an alternative conference date. At this point, the Appeals officer reviewed petitioner's certified transcript and the information in petitioner's file. After this review, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated July 17, 2003, wherein respondent determined the proposed collection action was appropriate.

Petitioner asserts that the Appeals officer refused to allow petitioner to make a recording of the administrative hearing. Respondent, however, points out that neither petitioner nor her representative made a request to record an administrative hearing. Respondent also reiterates the fact that neither

petitioner nor her representative appeared for the scheduled
hearing and no attempt was made to reschedule.

Discussion

Respondent seeks summary judgment with respect to whether he
may proceed with collection against petitioner, and petitioner
seeks summary judgment on whether this case should be remanded to
respondent's Appeals Office for a recorded administrative
hearing. Rule 121 provides for summary judgment to be employed
as to part or all of the legal issues in controversy if there is
no genuine issue as to any material fact and a summary
adjudication may be rendered as a matter of law. See also
Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd.
17 F.3d 965 (7th Cir. 1994). In that regard, summary judgment is
intended to expedite litigation and avoid unnecessary and
expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678,
681 (1988).

There is no genuine issue as to any material fact in this
case. Respondent had filed a notice of Federal tax lien and
pursuant to section 6331(a) was seeking to levy on petitioner's
property. In accord with sections 6330(a) and 6331(d),
respondent provided petitioner with final notice of intent to
levy, which also included notice of petitioner's right
to an administrative appeal before such levy was made.
In that regard, the Commissioner cannot collect by levy

without the opportunity for a taxpayer to seek an administrative review of the proposed levy and filed lien and/or the opportunity for judicial review of the administrative determination to proceed with collection. Davis v. Commissioner, 115 T.C. 35, 37 (2000).

Petitioner opted for an administrative review and, after respondent's determination to go forward with collection, sought review by this Court. Petitioner did not file a petition for her 1997 tax year following respondent's issuance of a statutory notice of deficiency. Accordingly, petitioner is afforded review by this Court solely on the question of abuse of discretion because the validity of the underlying liability is not at issue. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Because petitioner is not entitled to question the underlying tax liability, her administrative review was limited to collection issues, including spousal defenses, the appropriateness of respondent's intended collection action, and possible alternatives to collection. Sec. 6330(c)(2). However, when the hearing date arrived, neither petitioner nor her designated representative appeared for the scheduled conference, and neither one had attempted to schedule an alternative conference date.

Once a taxpayer has been given an opportunity for a hearing but fails to avail herself of that opportunity, the Appeals officer may proceed in making a determination by reviewing the case file.  See Mann v. Commissioner, T.C. Memo. 2002-48; sec. 301.6330-1(d)(2) Q&A-D7, Proced. & Admin. Regs.  When neither petitioner nor her representative appeared for the hearing, the Appeals officer reviewed petitioner's case, and considered the sole issue raised by petitioner, that "there are egregious errors that once corrected would mitigate the collection activity." Petitioner did not allege specific errors, nor did she challenge the appropriateness of the intended method of collection or offer a collection alternative.  Also, petitioner did not raise any other defenses to collection.  After this review, respondent issued the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.

Petitioner does not raise the issue of whether she had an opportunity for a hearing.  Rather, petitioner asserts that she was denied the opportunity to record the administrative hearing, and is therefore entitled to have her case remanded for a second hearing.  Recently, in Keene v. Commissioner, 121 T.C. 8, 9 (2003), we held that a taxpayer is entitled to audio record his section 6330 hearing pursuant to section 7521(a)(1).  Section 7521(a)(1) essentially provides that a taxpayer, in connection

with an in-person interview and upon advance request, will be allowed to make an audio recording of the interview.

In this case, however, petitioner did not make a request to record, and as required in section 7521(a)(1), such requests must be made in advance. In her response to respondent's motion for summary judgment, petitioner tacitly admits that she did not make a request to record the Appeals conference. Significantly, neither petitioner nor her representative attended the meeting with the Appeals officer, and neither of them requested or was refused the opportunity to record. Therefore, petitioner's argument fails.

Accordingly, we hold that there is no genuine issue as to any material fact supporting petitioner's claim that there was an abuse of discretion in respondent's determination concerning the collection action(s) under section 6320 and/or 6330. As such, we further hold that respondent is entitled to proceed with collection of petitioner's 1997 tax liability. We have considered all of petitioner's arguments, and, to the extent that they are not mentioned herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

> An order and decision will be entered granting respondent's motion for summary judgment and denying petitioner's cross-motion.