**Michael E. VIEROW, Petitioner—Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.**

No. 05–70784.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 16, 2005.

Michael E. Vierow, Crescent City, CA, pro se.

* The panel unanimously finds this case suitable

Lynne L. Glasser, Clerk, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Eileen J. O'Connor, Esq., Francesca Ugolini Tamami, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

Michael E. Vierow appeals pro se the tax court's decision sustaining the Commissioner of Internal Revenue's ("Commissioner") collection action related to tax years 1994, 1995, 1996, 1997, and 1998. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review de novo the tax court's conclusions of law and review for clear error findings of fact. *Baizer v. Comm'r,* 204 F.3d 1231, 1233–34 (9th Cir.2000). We affirm.

The tax court correctly concluded that the appeals officer did not abuse his discretion in verifying that all legal and administrative requirements had been met. *See Nestor v. Comm'r,* 118 T.C. 162, 167, 2002 WL 236682 (2002); *Hughes v. Comm'r,* 953 F.2d 531, 535–36 (9th Cir. 1992) (Form 4340 is presumptive proof of a valid assessment).

Vierow's contention that the tax court considered documents outside of the administrative record is without merit. All of the documents the appeals officer reviewed during the collection due process

hearing were part of the administrative record before the tax court. *See, e.g., Thompson v. U.S. Dep't of Labor,* 885 F.2d 551, 555 (9th Cir.1989) (the administrative record includes "all documents and materials directly or *indirectly* considered by agency-decision makers and includes evidence contrary to the agency's position.").

Vierow's remaining contentions also lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

