T.C. Memo. 2008-94

UNITED STATES TAX COURT

ANTHONY OROPEZA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3707-05L.                    Filed April 14, 2008.

Anthony Oropeza, pro se.

<u>Gavin L. Greene</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  Pursuant to section 6330(d), petitioner
seeks review of respondent's determination to proceed with a
levy.  All section references are to the Internal Revenue Code,
as amended, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

## Background

The parties have stipulated a few facts; other facts have been deemed stipulated pursuant to Rule 91(f). The stipulations, with accompanying exhibits, are incorporated herein by this reference. When he petitioned this Court, petitioner resided in California.

For tax years 1999, 2000, and 2001, petitioner filed Forms 1040A, U.S. Individual Income Tax Return, reporting zero adjusted gross income, zero taxable income, and zero tax. On August 9, 2002, October 2, 2002, and June 13, 2003, respondent mailed to petitioner notices of deficiency for tax years 1999, 2000, and 2001, respectively, determining deficiencies totaling about $21,877, as well as additions to tax pursuant to sections 6651(a)(1) and 6654. Petitioner did not petition the Court with respect to these notices of deficiency.

On April 5, 2004, respondent sent petitioner two final notices of intent to levy and of the right to a hearing (the notices). One of the notices covered tax years 1997, 1998, and 1999; the other notice covered tax years 2000, 2001, and 2002.[1] In response, petitioner timely submitted to respondent two Forms 12153, Request for a Collection Due Process Hearing (the hearing

---

[1] The notices of intent to levy and of the right to a hearing showed amounts due that included $500 frivolous return penalties assessed with respect to each of petitioner's 2001 and 2002 tax years, in addition to deficiencies in tax, additions to tax, accrued interest, and late payment penalties.

requests). One of the hearing requests covered tax years 1997, 1998, and 1999; the other hearing request covered tax years 2000 and 2001. In these hearing requests, petitioner contended, correctly, that proposed collection actions for 1997 and 1998 had been overruled in a previous Tax Court proceeding at docket No. 10268-01L. In the hearing requests, petitioner made numerous frivolous or irrelevant information requests, such as for "Pocket Commissions" of IRS personnel, and demanded responses to various inquiries, typical of tax protesters, such as:

> Since I "determined" my "income" for 2000 and 2001 was "zero" (since I concluded that I received no "income" in the "constitutional sense" in that year) and filed my returns accordingly, what statute authorized you to make a different "determination" that [sic] the one I made?

By letter dated September 21, 2004, respondent's Appeals officer indicated that, with respect to tax years 1997 and 1998, petitioner's liabilities had been abated and collection activities stopped. With respect to tax years 1999, 2000, 2001, and 2002, the Appeals officer requested that by October 5, 2004, petitioner let him know whether he wished to raise issues in addition to those contained in his hearing requests. The Appeals officer also warned petitioner of the Tax Court's authority to impose a penalty of up to $25,000 where proceedings are instituted or maintained primarily for delay or the taxpayer's position is frivolous or groundless.

By letter dated October 1, 2004, and addressed to the Appeals officer, petitioner summarized and enumerated the issues that he wished to raise at his collection hearing as follows:

> To reiterate, the material issues of fact in this case before you are: 1.) that I never received the Written Determination related to assessment pursuant to section 6201 or 6751, 2.) That I never received the entitled public's inspection of any determination pursuant to Section 6110, 3.) I never received the Delegation of Authority from the Secretary, 4.) I never received the Pocket Commissions of the agents at issue, 5.) I never received the Treasury Regulation authorizing the imposition and payment of any penalty at issue, 6.) I never received the underlying Internal Revenue Code Section making me liable for taxes, 7.) I never received the statutory Notice and Demand for Payment pursuant to sections 6303, 6321 and 6331, 8.) I never received the Verification from the Secretary pursuant to 6330(c)(1) and 9.) I never received the requisite Written Notice from the Secretary informing me of my right to said hearing before levy pursuant to Code Section 6330(a)(1). In addition, as previously mentioned, in the case file at hand: 10.) my "Final Notice of Intent to Levy and Notice of Your Right to Hearing" was not signed by anyone!

Petitioner's letter also indicated that he intended to record his collection hearing.

By letters dated November 8 and 10, 2004, the Appeals officer advised petitioner: "Administrative appeal procedures do not extend to issues involving the failure or refusal to comply with the tax laws because of moral, religious, political, constitutional, conscientious, or similar grounds." The letters advised petitioner he qualified for a collection hearing by telephone, scheduled for November 22, 2004. The letters stated that failure to participate in the telephone hearing might result

in a determination based on the information contained in the file. The letters indicated that petitioner would not be permitted to record the telephone hearing.

By letter to the Appeals officer dated November 15, 2004, petitioner indicated that he refused to participate in a collection hearing, either in person or by telephone, that he could not record. Petitioner denied having made any frivolous or groundless arguments, stating: "Also, be advised that on my Requests for a CDPH (Forms 12153) I have not made any legal arguments and have only asked for documents pertaining to my assertion that the IRS has failed to fulfill the requirements of applicable law and administrative procedures."

By notice of determination dated January 20, 2005, the Appeals Office sustained the proposed collection action for 1999, 2000, and 2001.[2] The notice of determination states that because petitioner refused to participate in a hearing by telephone, the hearing was conducted by correspondence, that the determination was based on information contained in the file, and that this information was sufficient to make a determination. The notice of determination states that petitioner had been sent certified transcripts showing the requisite assessments and notices. The notice of determination states that the Appeals officer had

---

[2] The notice of determination did not address 2002, which had not been included in petitioner's hearing requests.

verified or received verification that all applicable laws and administrative procedures had been followed and had balanced the proposed collection action with the concern that such action be no more intrusive than necessary.

In his petition and amended petition, petitioner challenged the validity of the notice of determination. Respondent filed motions to permit levy and to impose sanctions under section 6673. On April 17, 2006, a hearing was held on both motions. By order dated April 24, 2006, the Court granted respondent's motion to permit levy. The Court found that the requirements of section 6330(e)(2), permitting the levy to proceed during appeal, had been met because: (1) Petitioner's underlying liability was not at issue, in that petitioner had previously received notices of deficiency for the years at issue; and (2) the Secretary had shown good cause not to suspend the levy, inasmuch as during his appeal petitioner had raised only frivolous arguments and had never proposed any collection alternatives. See Burke v. Commissioner, 124 T.C. 189, 195-197 (2005). The Court denied respondent's motion to impose sanctions pursuant to section 6673 but warned petitioner that his continued pursuit of frivolous legal positions might result in future sanctions. The case was subsequently calendared for trial.

On September 20, 2006, pursuant to Rule 91(f) respondent filed a motion to show cause why proposed facts in evidence

should not be accepted as established. In his response, petitioner objected to respondent's Rule 91(f) motion on the ground that "judicial review of the agency's decision i.e. notice of determination, should be limited to the administrative record developed at the CDPH hearing level as presented before the Appeals Officer." In support of his position petitioner relied upon Robinette v. Commissioner, 439 F.3d 455 (8th Cir. 2006), revg. 123 T.C. 85 (2004). By order dated October 20, 2006, the Court granted respondent's Rule 91(f) motion and ordered that the matters set forth in respondent's motion were deemed stipulated for purposes of the pending case.

At trial petitioner objected to a "trial de novo", again relying upon Robinette and renewing his contention that review should be limited to the documents that he contends constitute the administrative record. On this ground petitioner objected to the receipt into evidence of the matters deemed stipulated pursuant to Rule 91(f). The Court overruled petitioner's objections. Notwithstanding renewed warnings about the possibility of sanctions pursuant to section 6673, petitioner's testimony consisted largely of his rehashing of frivolous or groundless arguments.

## Discussion

### A. Legal Framework

Section 6330 provides for notice and opportunity for a hearing before the IRS may levy upon the property of any person. At the hearing, the person may raise any relevant issue relating to the unpaid tax or proposed levy, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. The person may challenge the existence or amount of the underlying tax liability for any period only if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000). Once the Commissioner's Appeals Office issues a notice of determination, the person may seek judicial review in this Court. Sec. 6330(d)(1). If the validity of the underlying tax liability is properly at issue, we review that issue de novo. Sego v. Commissioner, supra at 609-610. Other issues we review for abuse of discretion. Id.

### B. Evidentiary Issue

On brief, as at trial and in pretrial proceedings, petitioner relies on the decision of the U.S. Court of Appeals for the Eighth Circuit in Robinette v. Commissioner, supra, to support his contention that our judicial review should be limited to the "administrative record", which he seems to believe

consists exclusively of these materials:  The two notices that respondent sent to petitioner on April 5, 2004; petitioner's two requests for a collection hearing; respondent's notice of determination, dated January 20, 2005; and correspondence between petitioner and respondent's Appeals officer between September 21 and November 15, 2004.  Apart from these just-described materials and petitioner's unenlightening testimony, the only other evidence in the record consists of these additional matters that were deemed stipulated pursuant to Rule 91(f):  Copies of petitioner's "zero" Forms 1040 for tax years 1999, 2000, and 2001; copies of the statutory notices of deficiency that respondent mailed to petitioner with respect to tax years 1999, 2000, and 2001; petitioner's letters, dated September 30 and October 9, 2002, in which petitioner acknowledged receipt of the notices of deficiency for 1999 and 2000 and made frivolous arguments with respect thereto; and a declaration of an employee of Southern California Regional Rail Authority, dated July 27, 2006, certifying that in 2001 petitioner had been paid $49,224 in wages (the declaration).

In seeking to limit judicial review to the few documents that he claims constitute the administrative record, petitioner appears to proceed from the premise that respondent bears the burden of proof in this proceeding.  The premise is incorrect.

The burden of proof is upon petitioner.  See Rule 142(a)(1).[3]

Limiting the record as petitioner urges would do nothing to

strengthen his hand.

In any event, petitioner's reliance on Robinette v.

Commissioner, supra, is misplaced.  In Robinette, the U.S. Court

of Appeals for the Eighth Circuit held that, in a case where the

underlying tax liability was not in issue, judicial review of

whether the Commissioner's determination to proceed with a

collection action was an abuse of discretion should be limited to

the administrative record.  Id. at 462.

In Vierow v. Commissioner, T.C. Memo. 2004-255, affd. 158

Fed. Appx. 926 (9th Cir. 2005), this Court permitted the

Commissioner to present at trial a certified mailing list that

was not part of the administrative file.  In doing so, this Court

---

[3] Petitioner makes passing claims that respondent bears the burden of proof pursuant to sec. 7491(a).  Sec. 7491(a) provides generally that if a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's tax liability and meets certain other prerequisites, the Commissioner bears the burden of proof with respect to that factual issue.  See Rule 142(a)(2).  As discussed infra, petitioner's underlying tax liability is not at issue in this proceeding; consequently, sec. 7491(a) is inapplicable.  See Kansky v. Commissioner, T.C. Memo. 2007-40.  But even if we were to assume, for purposes of argument, that petitioner had legitimately raised some factual issue as to which sec. 7491(a) might be relevant, petitioner has failed to establish that he has met the prerequisites for applying this provision.  See Higbee v. Commissioner, 116 T.C. 438 (2001) (taxpayers bear the burden of proving that the requirements of sec. 7491(a) are met).  In particular, petitioner has failed to introduce credible evidence with respect to any factual issue relevant to ascertaining his tax liability.

rejected the taxpayer's argument, much like petitioner's, that the Tax Court is subject to the Administrative Procedure Act and that its review is limited to the administrative record. Affirming this Court's decision, the U.S. Court of Appeals for the Ninth Circuit stated: "All of the documents the appeals officer reviewed during the collection due process hearing were part of the administrative record before the tax court." Vierow v. Commissioner, 159 Fed. Appx. at 927. The Court of Appeals cited Thompson v. U.S. Dept. of Labor, 885 F.2d 551, 555 (9th Cir. 1989), which held that the administrative record includes "all documents and materials directly or indirectly considered by agency-decision makers". See also Holliday v. Commissioner, T.C. Memo. 2002-67 (permitting the Commissioner to present at trial documents, records, and testimony that were not part of the administrative record), affd. 57 Fed. Appx. 774 (9th Cir. 2003) (stating that "the 'record review' provisions of the Administrative Procedure Act ('APA') do not apply to the Tax Court").

Similarly, all the exhibits to which petitioner objects, with the possible exception of the declaration, appear to be documents that were before the Appeals officer in his review of petitioner's case file and hence part of the administrative record subject to judicial review, even if the documents were not specifically referenced in the notice of determination. See

<u>Bowman v. Commissioner</u>, T.C. Memo. 2007-114 (holding that
<u>Robinette</u> did not preclude the Court from considering notices of
deficiency that were not referenced in the notice of
determination).

The declaration, which postdates the notice of determination
and appears to have been obtained by respondent in preparation
for trial, has relevance only insofar as petitioner's underlying
tax liability is properly at issue.  Because, as discussed <u>infra</u>,
petitioner's underlying liability is not properly at issue, we
have not relied upon the declaration in reaching our decision.

C.   <u>Underlying Liability Not At Issue</u>

In its April 24, 2006, order granting respondent's motion to
permit the levy to proceed during appeal, this Court found that
petitioner's underlying liability was not at issue because
petitioner had received notices of deficiency for each year at
issue.  Without explicitly challenging or even alluding to this
Order, at trial petitioner contended that he never received any
notice of deficiency for 2001.  On brief, however, petitioner
does not renew this contention; we deem him to have abandoned it.
In any event, neither in the administrative proceeding nor in
this judicial proceeding has petitioner raised any cognizable
challenge to his underlying tax liability.[4]

---

[4] At trial and on brief respondent contended that if
petitioner's 2001 underlying liability were deemed to be at
                                              (continued...)

D.   Petitioner's Claims of Abuse of Discretion

On brief, petitioner states that the primary issues to be decided in this case are:  (1) Whether respondent abused his discretion by not granting petitioner a face-to-face collection hearing; and (2) whether respondent abused his discretion by not allowing petitioner to record his hearing.  For the reasons discussed below, we conclude that respondent did not abuse his discretion.

Hearings conducted under section 6330 are informal proceedings and do not invariably require a face-to-face meeting. Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.  The hearing may in certain circumstances be conducted by telephone or correspondence.  Katz v. Commissioner, 115 T.C. 329, 337-338 (2000).  Once a taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself of the opportunity, the Appeals officer may proceed in making a determination by

---

[4](...continued)
issue, then the $49,224 of unreported income determined in the 2001 notice of deficiency is fully supported by the declaration, which is included in the matters deemed stipulated.  Petitioner has offered no meaningful response to respondent's contention, other than as might arise indirectly from his ill-founded reliance on Robinette v. Commissioner, 439 F.3d 455 (8th Cir. 2006), revg. 123 T.C. 85 (2004) and has offered no testimony or documentation in this regard.  Consequently, if we were to assume, arguendo, that petitioner received no notice of deficiency for 2001, and were to assume further that petitioner had properly placed his 2001 underlying liability at issue, we would conclude that he had nevertheless failed to support any challenge to his 2001 underlying liability.  See Smith v. Commissioner, T.C. Memo. 2002-59.

reviewing the case file.  See, e.g., <u>Ho v. Commissioner</u>, T.C. Memo. 2006-41; <u>Taylor v. Commissioner</u>, T.C. Memo. 2004-25, affd. 130 Fed. Appx. 934 (9th Cir. 2005); sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.

The record reflects that after receiving petitioner's initial requests for a collection hearing, making frivolous or irrelevant information requests, the Appeals officer provided petitioner an opportunity to raise any additional issues. Petitioner responded with a letter reiterating his frivolous and irrelevant information requests and making further frivolous arguments.  Petitioner failed to identify any legitimate issues to be addressed in the hearing and did not request consideration of any collection alternatives.

At trial, petitioner testified that the issues he would have wished to pursue at a collection hearing were the 10 issues identified in his October 1, 2004, letter to the Appeals officer. These 10 issues consist almost entirely of complaints that he had not received various documents or information.  For the most part, these 10 issues are patently spurious; for instance, petitioner complained that he had "never received the underlying Internal Revenue Code Section making me liable for taxes" and that he had "never received the Pocket Commissions of the agents at issue".  Equally groundless is his claim, as stated in his October 1, 2004, letter, that he "never received the requisite

Written Notice from the Secretary informing me of my right to said hearing before levy pursuant to Code Section 6330(a)(1)." This claim is belied by petitioner's own hearing requests, which were in response to his receipt of the two final notices of intent to levy and of the right to a hearing. In fact, in the very next issue listed in his October 1, 2004, letter, petitioner acknowledges having received these notices, complaining that they were not signed by anyone. There is no statutory requirement, however, that a final notice of intent to levy and notice of right to a hearing be signed. See sec. 6331(d).

Petitioner's October 1, 2004, letter also complained that he "never received the Verification from the Secretary pursuant to 6330(c)(1)". This argument is groundless, especially considering that petitioner advanced it before the scheduling of the hearing at which the Appeals officer was required to make his verification that the requirements of applicable laws or administrative procedures had been met, as required by section 6330(c)(1). In any event, the Appeals Office is not required to provide a taxpayer with a copy of the verification upon which it relied in satisfying the verification requirements of section 6330(c)(1). Craig v. Commissioner, 119 T.C. 252, 262 (2002); Lindsey v. Commissioner, T.C. Memo. 2002-87, affd. 56 Fed. Appx. 802 (9th Cir. 2003). Nor is the Commissioner required to rely on a particular document to satisfy the verification requirement of

section 6330(c)(1).  The verification requirement may be met where the Appeals officer secures formal or informal transcripts showing that the tax was properly assessed and that the taxpayer had been properly notified of the assessment.  See Roberts v. Commissioner, 118 T.C. 365 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Haines v. Commissioner, T.C. Memo. 2003-16, affd. 72 Fed. Appx. 730 (9th Cir. 2003).

The notice of determination indicates that the Appeals officer relied on certified transcripts of petitioner's account to verify that the prerequisites of assessment and notice had been met.  The notice of determination indicates that copies of these certified transcripts were provided to petitioner.  Petitioner has not demonstrated in this proceeding any irregularity in the assessment procedure that would raise a question about the validity of the assessment or any other aspect of the notice of determination.

In his October 1, 2004, letter petitioner also complained that he "never received the Written Determination related to assessment pursuant to section 6201 or 6751".  Section 6201, however, which establishes the Secretary's assessment authority, contains no requirement of a written determination.  The deemed stipulations establish that pursuant to section 6213(a), respondent mailed petitioner notices of deficiency for each of the years at issue before assessing the deficiencies and the

section 6651 and 6654 additions to tax.  The notices of

deficiency contained information about the section 6651 and 6654

additions to tax that satisfy the requirements of section 6751.[5]

Moreover, as previously discussed, we have concluded that

petitioner received the notices of deficiency, is precluded from

challenging his underlying liability in this proceeding, and in

fact has never raised any cognizable challenge to his underlying

tax liability.

Notwithstanding petitioner's failure to identify legitimate

issues, the Appeals officer offered petitioner a telephone

hearing.  Petitioner declined it on the ground that he would not

be permitted to record it.  This Court has held that a taxpayer

is not entitled to record his telephone hearing.  Calafati v.

---

[5] Sec. 6751(a) provides that the Secretary shall include
with each notice of penalty (defined to include additions to tax,
see sec.6751(c)) "information with respect to the name of the
penalty, the section of this title under which the penalty is
imposed, and a computation of the penalty."

Petitioner has not expressly raised any issue with respect
to respondent's determination to proceed with collection of the
$500 frivolous return penalties.  In any event, because the
determination that is the subject of this proceeding was made
before Oct. 17, 2006, this Court lacks jurisdiction in this case
to hear a challenge to the collection of frivolous return
penalties assessed pursuant to sec. 6702.  See Johnson v.
Commissioner, 117 T.C. 204, 208 (2001); cf. Callahan v.
Commissioner, 130 T.C. ___ (2008) (holding that under sec.
6330(d)(1), as amended by the Pension Protection Act of 2006,
Pub. L. 109-280, sec. 855, 120 Stat. 1019, effective for
determinations made after Oct. 16, 2006, the Tax Court has
jurisdiction to review the Commissioner's determination to
proceed with collection of a frivolous return penalty).

Commissioner, 127 T.C. 219, 229 (2006).  Accordingly, respondent did not abuse his discretion in declining petitioner's request to record the proffered telephone hearing.

In any event, in the light of petitioner's failure to identify any legitimate issue, it is unnecessary and would be unproductive to remand this case for further proceedings on account of the lack of a face-to-face hearing or the lack of a recording.  See, e.g., Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Leggett v. Commissioner, T.C. Memo. 2006-277;  Wright v. Commissioner, T.C. Memo. 2005-291; Holliday v. Commissioner, T.C. Memo. 2005-132.

Petitioner has offered no collection alternatives and asserted no spousal defenses.  He has demonstrated no irregularity in the assessment procedures.  On the basis of our examination of the entire record before us, we conclude and hold that respondent did not abuse his discretion in determining to proceed with the collection action as determined in the notice of determination.

E.  Petitioner's 1997 and 1998 Years

The amended petition requests the Court to order respondent to "once again" abate the assessments and cease collection activity for 1997 and 1998, in accordance with the stipulated decision in docket No. 10268-01L.  Inasmuch as the notice of determination, upon which this case is predicated, does not cover

1997 and 1998, those years are not properly before us in this proceeding.[6]

F.   Section 6673(a) Penalty

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless.  Petitioner has been warned repeatedly that his frivolous and groundless positions in this proceeding could subject him to penalties pursuant to section 6673; he has chosen to disregard these warnings.  We conclude that petitioner's positions in this proceeding are frivolous and groundless.  We also conclude from the facts of this case that petitioner has instituted and maintained this proceeding primarily for delay.

Accordingly, pursuant to section 6673, we shall require petitioner to pay to the United States a penalty of $10,000.

An appropriate decision

will be entered for respondent.

---

[6] In any event, as previously discussed, by letter dated Sept. 21, 2004, the Appeals Office advised petitioner that his liabilities for 1997 and 1998 had been abated and collection activities stopped.  Petitioner has alleged no facts and adduced no evidence to call this representation into question.