T.C. Memo. 2008-151


UNITED STATES TAX COURT


WENZELL O. TAYLOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4504-06L.                    Filed June 12, 2008.


Wenzell O. Taylor, pro se.

<u>Roger W. Bracken</u>, for respondent.


MEMORANDUM OPINION


WELLS, <u>Judge</u>:  This matter is before the Court on petitioner's and respondent's cross-motions for summary judgment pursuant to Rule 121.  The issues we must decide are:  (1) Whether respondent's Appeals Office abused its discretion in determining to proceed with collection of petitioner's income tax

liabilities for taxable years 1998, 1999, 2000, 2001, and 2002,
and (2) whether the Court, sua sponte, should impose a penalty
under section 6673.[1]  After considering the parties' cross-
motions for summary judgment, petitioner's response, and
respondent's response, we conclude that there remains no issue of
material fact that requires trial or hearing.  For the reasons
stated below, we shall grant respondent's motion for summary
judgment.  Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code, as amended.

## Background

At the time of filing the petition, petitioner resided in
Washington, D.C.

Petitioner filed purported Federal tax returns for taxable
years 1998, 1999, 2000, 2001, and 2002.  On each of the returns
petitioner indicated all zeros and showed no taxable income
received.  Attached to the individual income tax returns for
taxable years 1998, 1999, 2001 and 2002, petitioner included
frivolous statements.  Respondent did not accept petitioner's
purported Federal income tax returns for taxable years 1998

---

[1]Respondent also filed a motion to dismiss for lack of
jurisdiction and to strike as to the taxable year 1999.
Subsequently, respondent filed a motion to withdraw respondent's
motion to dismiss for lack of jurisdiction and to strike as to
taxable year 1999.  We find that there is jurisdiction regarding
taxable year 1999 and will grant respondent's motion to withdraw.

through 2002 and sent petitioner a notice of deficiency for those years. Petitioner did not petition this Court for redetermination of the deficiencies and additions to tax for any of the taxable years in the notice. Respondent assessed tax deficiencies and interest for taxable years 1998 through 2002. Petitioner had withholding credits for taxable years 1998, 1999, and 2000. Respondent also assessed additions to tax and penalties for taxable years 1999, 2000, and 2001 and a late filing addition to tax and a failure to pay addition to tax for taxable year 2002. Respondent sent petitioner a notice and demand for payment for taxable years 1998 through 2002.

On April 1, 2005, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing for taxable years 1998 and 2000 through 2002. On August 5, 2005, respondent received from petitioner a Form 12153, Request for Collection Due Process Hearing, dated May 4, 2005, for taxable years 1998 and 2000 through 2002. On Form 12153 petitioner's only statement was that "I do not believe that all of the requirements of applicable law and administrative procedures have been met in my case." On October 10, 2005, Settlement Officer D.W. DeVincentz (Settlement Officer DeVincentz) was assigned petitioner's appeal of the proposed collection action for taxable years 1998, 2000 through 2002. On November 4, 2005, as part of the Appeals hearing, Settlement Officer DeVincentz reviewed petitioner's request for a

hearing for 1998 and 2000 through 2002; confirmed that notice and demand for payment was made for each taxable year; confirmed that petitioner owed income taxes for 1998 and 2000 through 2002; and confirmed that the requirements of the applicable law and administrative procedures had been met.

On November 7, 2005, Settlement Officer DeVincentz sent a letter to petitioner notifying him of the time and date of a telephone conference.

On November 14, 2005, respondent received a letter from petitioner dated November 9, 2005, requesting an alternative date for the conference and that the conference be conducted face-to-face; petitioner also set forth frivolous arguments. On November 16, 2005, Settlement Officer DeVincentz sent petitioner a letter stating that petitioner's request for a hearing was timely made.

On review of petitioner's November 9, 2005, letter, Settlement Officer DeVincentz was of the view that petitioner's frivolous arguments did not justify an in-person hearing. In a December 5, 2005, letter, Settlement Officer DeVincentz set a telephone conference for January 24, 2006. In the December 5, 2005, letter, Settlement Officer DeVincentz also stated to petitioner that if he had legitimate issues to discuss regarding his unpaid tax liabilities, petitioner should send written notification of the issues within 15 days of the letter.

On November 9, 2005, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing for taxable year 1999.  On December 9, 2005, respondent received correspondence dated December 5, 2005, requesting a hearing for taxable year 1999.  Subsequently, Settlement Officer DeVincentz incorporated that hearing request into petitioner's hearing request for taxable years 1998 and 2000 through 2002.

On December 20, 2005, Settlement Officer DeVincentz received a letter from petitioner dated December 16, 2005, that stated that it was in reaction to respondent's collections due process hearing letter dated December 5, 2005.  This letter rejected the January 24, 2006, telephone conference date and asserted frivolous arguments.  Petitioner failed to call Settlement Officer DeVincentz for the scheduled January 24, 2006, telephone conference.

Respondent sent petitioner a Notice of Determination Concerning Collection Action, dated February 7, 2006, that maintained the lien for taxable years 1998 through 2002.  On March 3, 2006, petitioner filed a petition with this Court for taxable years 1998, 1999, 2000, 2001, and 2002.  On October 19, 2006, petitioner filed an amended petition with this Court.  In the amended petition, petitioner requested a face-to-face collections hearing.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The party opposing summary judgment must set forth specific facts that show that a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a taxpayer liable for tax where there exists a failure to pay the tax liability after demand for payment. The lien generally arises at the time the assessment is made. Sec. 6322. Section 6323, however, provides that such lien shall not be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until the Secretary files a notice of lien with the

appropriate public officials.  Section 6320 then sets forth procedures applicable to afford protections for taxpayers in lien situations.

Section 6320 requires that the Secretary give the taxpayer written notice of the filing of a tax lien.  Section 6320(a)(3)(B) and (b)(1) provides that the notice shall inform such persons of the right to request a hearing in the Commissioner's Appeals office.

Section 6320(c) provides that an Appeals Office hearing generally should be conducted consistently with the procedures set forth in section 6330(c), (d), and (e).  The officer must verify at the hearing that the applicable laws and administrative procedures have been followed.  Sec. 6330(c)(1).  At the hearing, the person against whom the lien is made may raise any relevant issues relating to the unpaid tax or lien including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives.  Sec. 6330(c)(2)(A).  The person may challenge the existence or amount of the underlying tax liability, however, only if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.  Sec. 6330(c)(2)(B).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo.

Where the validity of the underlying tax is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

The record indicates that petitioner raised frivolous arguments throughout the section 6320 administrative process and in his petition and amended petition to this Court. We do not address petitioner's frivolous arguments with somber reasoning and copious citations to precedent, as to do so might suggest that these arguments possess some degree of colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Respondent argues that section 6330(c)(2)(B) precludes petitioner from challenging the underlying tax liabilities for taxable years 1998 through 2002 because petitioner received a notice of deficiency for those years and failed to timely petition this Court. In his response to respondent's motion for summary judgment, petitioner's only legitimate argument is that respondent never provided him with an opportunity to participate in a CDP hearing.

Once a taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself or herself of that opportunity, we have approved the making of a determination to proceed with collection on the basis of the Appeals officer's

review of the case file.  See, e.g., <u>Taylor v. Commissioner</u>, T.C. Memo. 2004-25, affd. 130 Fed. Appx. 934 (9th Cir. 2005); <u>Leineweber v. Commissioner</u>, T.C. Memo. 2004-17; <u>Armstrong v. Commissioner</u>, T.C. Memo. 2002-224; <u>Gougler v. Commissioner</u>, T.C. Memo. 2002-185; <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.

We note that respondent offered a face-to-face hearing to allow petitioner to raise any meaningful issues regarding his tax liability or the proposed lien, which petitioner failed to do.

As to petitioner's claim that he is entitled to an in-person hearing, this Court has noted on a number of occasions that hearings conducted under sections 6320 and 6330 are informal proceedings, not formal adjudications.  <u>Katz v. Commissioner</u>, 115 T.C. 329, 337 (2000); <u>Davis v. Commissioner</u>, 115 T.C. 35, 41 (2000).  There inheres no right to subpoena witnesses or documents in connection with these hearings.  <u>Roberts v. Commissioner</u>, 118 T.C. 365, 372 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166-167 (2002); <u>Davis v. Commissioner</u>, <u>supra</u> at 41-42; see sec. 301.6320-1(d)(2), Q&A-D6, Proced. & Admin. Regs.

Consequently, we find that petitioner was given a hearing for taxable years 1998 through 2002 and failed to raise any legitimate arguments or collection alternatives.  Accordingly, we hold that no genuine issue of material fact exists requiring trial and that respondent is entitled to summary judgment.

Respondent's determination to maintain the lien to collect petitioner's tax liabilities for 1998, 1999, 2000, 2001, and 2002 was not an abuse of discretion.

Section 6673(a)(1) provides that this Court may require the taxpayer to pay a penalty not in excess of $25,000 whenever it appears to this Court that:  (a) The proceedings were instituted or maintained by the taxpayer primarily for delay; (b) the taxpayer's position is frivolous or groundless; or (c) the taxpayer unreasonably failed to pursue available administrative remedies.

Respondent has not sought a section 6673 penalty, however, the Court considers the issue sua sponte.  Although we do not impose a penalty on petitioner, we take this opportunity to admonish petitioner that the Court will consider imposing such a penalty should he return to the Court in the future in an attempt to delay collection or advance frivolous or groundless arguments.

We have considered the parties' remaining arguments and conclude that the arguments are either without merit or unnecessary to reach.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.