T.C. Memo. 2009-244

UNITED STATES TAX COURT

ANTHONY OROPEZA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29151-07L.               Filed October 28, 2009.

Anthony Oropeza, pro se.

<u>Michael W. Tan</u>, for respondent.

MEMORANDUM OPINION

HOLMES, <u>Judge</u>:  Anthony Oropeza earned wages in 2002 and
2003 but reported zero income and zero tax liabilities because,
he wrote in attachments to the returns, his income was not
"income" in the "constitutional" sense.  Mr. Oropeza's position
is, in a word, "frivolous."  Just like we held it was the last

time he was in Tax Court.  See <u>Oropeza v. Commissioner</u>, T.C. Memo. 2008-94.

The Commissioner issued notices of deficiency for both years, but Mr. Oropeza did not petition our Court.  The Commissioner then assessed the taxes and penalties asserted in the notices.  Mr. Oropeza didn't pay.  The bureaucracy's wheels clanked into gear, and in March 2006 out came a notice of intent to levy.  Mr. Oropeza requested a face-to-face collection due process (CDP) hearing that he planned to record.  In his request he specifically renounced any of his previous arguments that the Commissioner might consider frivolous, and asked only that the IRS verify that it had followed all required procedures.

The IRS Appeals officer did just that.  He then sent Mr. Oropeza a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters.  The Form 4340 is a computer-generated list of assessments, payments, and other activity on a taxpayer's account.  The Appeals officer also explained that face-to-face hearings were reserved for discussions of nonfrivolous issues. He even listed several nonfrivolous issues Mr. Oropeza might raise, and pointed him to an IRS website listing frivolous arguments should Mr. Oropeza want to learn the distinction.  The Appeals officer gave Mr. Oropeza until October 5, 2007, to submit additional information and set up a telephone hearing for the following week.

Mr. Oropeza responded only by asking for copies of paperwork he'd already sent in. After the hearing, the Appeals officer again patiently gave Mr. Oropeza a chance to raise any nonfrivolous issue. He didn't discuss any collection alternatives because Mr. Oropeza didn't raise the issue, didn't provide any financial information, and hadn't filed his 2004, 2005, or 2006 tax returns. Mr. Oropeza told the Appeals officer to go ahead and issue the notice of determination and he would see him in court.

The Appeals officer accepted Mr. Oropeza's suggestion; Mr. Oropeza followed through on his threat. The parties submitted the case for decision under Tax Court Rule 122, just before trial was to start in Los Angeles. Mr. Oropeza was a California resident when he filed his petition.

Mr. Oropeza raises for the first time in our Court the issue of whether he received any of the notices of deficiency that the IRS sent to him. If he intends by this to argue that he doesn't owe the underlying liabilities, he can't because he stipulated that he wasn't challenging the amounts of his tax liabilities. And even if he doesn't intend this, he can't raise this new issue on appeal. See Magana v. Commissioner, 118 T.C. 488 (2002).

We review the Appeals officer's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000). We also look to see whether the Appeals officer verified that the IRS met its legal and procedural requirements for making an

assessment, considered issues that the taxpayer raised, and balanced the need for efficient tax collection against the taxpayer's interest that any collection action be no more intrusive than necessary.  26 U.S.C. sec. 6330(c)(3).

There are no problems here.  Appeals officers may rely on a Form 4340 to show that the IRS followed the law and procedures for a valid assessment.  <u>Davis v. Commissioner</u>, 115 T.C. 35, 40-41 (2000).  They may rely on nothing but that form where, as here, a taxpayer has no evidence of any procedural irregularity.  <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 121 (2001).  And Mr. Oropeza gives us no reason to upset the Appeals officer's conclusion that a levy is appropriate--Mr. Oropeza did not suggest any collection alternatives to balance against the government's interest in efficient tax collection.

We also reject Mr. Oropeza's procedural arguments.  Taxpayers who make only frivolous arguments aren't entitled to face--to-face hearings.  <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001).  Taxpayers who make no arguments are likewise not entitled to a face-to-face hearing.  <u>Oropeza</u>, T.C. Memo. 2008-94.

And Mr. Oropeza has no right to record because 26 U.S.C. section 7521(a)(1) refers to "any in-person interview" and thus doesn't apply to telephone hearings.  <u>Calafati v. Commissioner</u>, 127 T.C. 219 (2006).

<u>Decision will be entered for respondent</u>.