T.C. Memo. 2016-98

UNITED STATES TAX COURT

DENNIS NORMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17780-14L.                         Filed May 16, 2016.

Dennis Norman, pro se.

<u>John D. Ellis</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>: In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1)[1] of the determination by the Internal

_____

[1] All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[*2]** Revenue Service (IRS or respondent) to uphold a notice of intent to levy. The IRS has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that its determination to sustain the proposed levy was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

Petitioner did not respond to the motion for summary judgment. The following uncontroverted facts are derived from the petition, the exhibits attached to the summary judgment motion, and respondent's other filings in this case. See Ulloa v. Commissioner, T.C. Memo. 2010-68. Petitioner resided in Maryland when he petitioned this Court.

Petitioner did not file a Federal income tax return for 2001 or for any subsequent year. For tax years 2001-2006 the IRS prepared substitutes for returns (SFRs) that met the requirements of section 6020(b) and issued petitioner notices of deficiency based on the SFRs. Petitioner did not petition this Court in response to any of these notices, and the IRS assessed the tax liabilities at issue.

In an effort to collect these outstanding liabilities the IRS sent petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing, and he timely requested a CDP hearing. He thereby sought a hearing with respect to the pro-

**[*3]** posed levy; stated that he could not pay the balance due; and asked the IRS to "discharge interest." He did not propose any collection alternative.

On May 5, 2014, a settlement officer (SO) from the IRS Appeals Office wrote petitioner at the address shown on his CDP hearing request to acknowledge receipt of that request and to inform him that she had scheduled a telephone CDP hearing for June 12. The SO was unable to confirm from her file that petitioner had received the notices of deficiency for the years at issue. Accordingly, this letter told him that, if he wished to challenge his underlying tax liabilities for 2001-2006, he should file tax returns for those years by May 27; and that, if he wished a collection alternative, he should provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and executed tax returns for 2007-2013. Petitioner supplied none of these documents before the hearing. In his petition he claimed that he did not receive the May 5 letter.

On June 12, at the scheduled time for the hearing, the SO called petitioner at the telephone number on his CDP hearing request. He did not answer. The SO left a voice mail message asking him to call her back, but he did not. Later that day the SO sent petitioner a "last chance" letter advising him that she would make a determination based on information in the administrative file and any additional

**[*4]** information that he supplied. Petitioner does not dispute receiving this letter. Although the letter included the SO's phone number, petitioner made no effort to contact her to reschedule the CDP hearing.

On June 25 petitioner sent the SO a Form 433-A representing that his monthly income exceeded his monthly expenses by $2,607. On the basis of this representation, the SO determined that petitioner was not eligible for currently not collectible (CNC) status. Because petitioner had declined to submit tax returns for 2001-2006, the SO determined that he had forfeited any opportunity to challenge his underlying tax liabilities for those years. Because petitioner had proposed no specific collection alternative and had refused to submit tax returns for 2007-2013, the SO found that he was ineligible for an offer-in-compromise or an installment agreement. The SO concluded that interest on his assessed liabilities should not be abated because he had submitted no evidence to support his request. Finally, the SO verified, on the basis of petitioner's account transcripts, that the tax for 2001-2006 had been properly assessed. On July 3, 2014, the IRS issued petitioner a notice of determination sustaining the proposed levy.

Petitioner timely petitioned this Court for review of respondent's determination. On August 3, 2015, the IRS moved for summary judgment, and the Court ordered petitioner to file a response to that motion by September 8, 2015. Our

**[\*5]** order advised petitioner that "under Tax Court Rule 121(d), judgment may be entered against a party who fails to respond to a motion for summary judgment." Petitioner has not responded either to respondent's motion or to the Court's order.

Discussion

A.     Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp., 98 T.C. at 520. However, where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d).

Because petitioner failed to respond to the motion for summary judgment, the Court could enter a decision against him for that reason alone. See Rule

**[*6]** 121(d).  We will nevertheless consider the motion on its merits.  In light of the IRS motion, its supporting affidavits, and petitioner's pleadings, we find that there exists no dispute as to any material fact and that summary adjudication is appropriate.

B.      Standard of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents.  Where the validity of the underlying tax liability is at issue, the Court reviews the IRS determination de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liabilities are not properly at issue, the Court reviews the IRS determination for abuse of discretion.  Id. at 182.  Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Because she could not confirm that petitioner had received the notices of deficiency for 2001-2006, the SO indicated that he could challenge his underlying tax liabilities at the CDP hearing.  However, this Court may consider such a challenge only if the taxpayer properly raised it before the IRS.  See sec. 301.6330-

[*7] 1(f)(2), Q&A-F3, Proced. & Admin. Regs. An issue is not properly raised during the CDP hearing if the taxpayer fails to request consideration of the relevant issue or requests consideration but fails to present evidence after being given a reasonable opportunity to do so. See Thompson v. Commissioner, 140 T.C. 173, 178, (2013).

The SO repeatedly told petitioner that, if he disagreed with the amount of tax shown on the SFRs, he had to submit tax returns for 2001-2006 setting forth what he believed his correct tax liabilities to be. Petitioner refused to do so. Because he submitted no relevant documentation of any kind, he did not properly challenge his underlying tax liabilities during the CDP hearing and cannot dispute those liabilities here. See Thompson, 140 T.C. at 178. We will accordingly review the SO's determination for abuse of discretion only. Goza, 114 T.C. at 182.

C.    Analysis

In deciding whether the SO abused her discretion in sustaining the proposed levy, we consider whether she: (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the

**[\*8]** legitimate concern of \* \* \* [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3).

The SO examined petitioner's account transcripts and confirmed that his tax liabilities for 2001-2006 had been properly assessed. Petitioner has not challenged the SO's satisfaction of the verification requirement.[2] Our review of the record establishes that the SO verified that all other requirements of applicable law and administrative procedure were likewise met and properly balanced the need for the efficient collection of taxes with petitioner's legitimate concerns.

Petitioner did not propose an installment agreement or an offer-in-compromise but asserted in his CDP hearing request that he could not pay the balance due. In order to be entitled to CNC status, a taxpayer must demonstrate that, on the basis of his assets, equity, income, and expenses, he has no apparent ability to make payments on the outstanding tax liability. See Foley v. Commissioner, T.C. Memo. 2007-242, 94 T.C.M. (CCH) 210, 211. Petitioner stated on his

---

[2]Our Rules governing the content of the petition in a CDP case explicitly provide that "[a]ny issue not raised in the assignments of error shall be deemed to be conceded." Rule 331(b)(4). In general, therefore, the taxpayer must adequately raise the verification issue in his petition in order for this Court to consider it. See Triola v. Commissioner, T.C. Memo. 2014-166, at \*9 (noting that petition did not allege that assessment was improper and deeming issue conceded); Dinino v. Commissioner, T.C. Memo. 2009-284, 98 T.C.M. (CCH) 559, 564 (noting that verification issue must be "adequately raised" in petition (citing Rule 331(b)(4))).

**[*9]** Form 433-A that his monthly income exceeded his expenses by $2,607. The SO did not abuse her discretion in determining that he was ineligible for CNC status.

Petitioner asked the IRS to "discharge interest." Pursuant to section 6404(e)(1), interest can be abated only if (among other things) an IRS officer or employee has been "erroneous or dilatory in performing a ministerial or managerial act." See Allcorn v. Commissioner, 139 T.C. 53, 56 (2012); Krugman v. Commissioner, 112 T.C. 230, 230 (1999). Petitioner alleged no facts to support his request for interest abatement, and the SO did not abuse her discretion in denying it.

Petitioner likewise errs in asserting that he did not receive a fair hearing. The SO sent him, at the address he had provided, multiple letters requesting financial information and executed tax returns. After petitioner did not participate in the scheduled CDP hearing, the SO gave him another opportunity to contest the proposed levy by mailing him a final letter dated June 12. Petitioner does not dispute that he received this letter; indeed, the record shows that he submitted a Form 433-A in response to it. Whether or not petitioner can be excused for missing the original hearing, he was clearly at fault, after receiving the June 12 letter, for failing to contact the SO to reschedule the hearing. The SO did not

[*10] abuse her discretion by making a determination based on the case file once petitioner was given a reasonable opportunity for a hearing but failed to avail himself of it.  See, e.g., Oropeza v. Commissioner, T.C. Memo. 2008-94, 95 T.C.M. (CCH) 1367, aff'd, 402 F. App'x 221 (9th Cir. 2010); Taylor v. Commissioner, T.C. Memo. 2004-25, 87 T.C.M. (CCH) 848, aff'd, 130 F. App'x 934 (9th Cir. 2005); sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs. Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and affirm the proposed collection action.

To reflect the foregoing,

An appropriate order and decision will be entered.